CASE 40—PETITION EQUITY—SEPTEMBER 29.

# Judge of Campbell County Court v. Taylor, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. POWER TO TAX MUST BE EXERCISED IN STRICT CONFORMITY TO LAW. The power to tax is a high governmental power.

   When the legislature grants that high power to another tribunal it can only be exercised in strict conformity to the terms in which the power is granted, and a departure in any material part will be fatal to the attempt to exercise it.

2. An act authorizing the Campbell County Court *to submit to the legal voters of the county* a proposition to subscribe to the capital stock of certain turnpike roads in said county is not complied with, and such subscription is not authorized by a submission "*to the vote of the voters of Campbell County outside of the limits of the city of Newport.*"

J. R. HALLAM, . ⎫
　　　　　　　 ⎬ . . . . . . . For Appellant,
E. W. HAWKINS, ⎭

CITED

13 B. Monroe, 32–38, Slack, &c. v. Maysville & Lexington R. R. Co.
2 Marshall, 606, Talbot v. David.
12 Monroe, 244, Graham v. Blunt.
6 B. Monroe, 146–169, Gorham v. Luckett.
3 Bush, 147, Hoglan v. Commonwealth.
3 J. J. Marshall, 405, Taylor v. Commonwealth.
1 Dana, 449, Bruce v. Fox.
18 B. Monroe, 11, Louisville v. McKean.
11 B. Monroe, 153, Clarke v. P. W. & K. R. Turnpike Road Co.
2 Metcalfe, 56, Maddox, &c. v. Graham & Knox.
　Civil Code of Practice, section 120.
　Hardin, 145, Handley v. Russell.
　Washburn on Easements, chapter 1.
　Session Acts, 1869, p. 217.　　Act of March 10, 1869.
　Ms. Opinion, Winter term, 1869–70, Berry, &c. v. Murnan, &c.
　Revised Statutes, sections 15, 17, chapter 21, 1 Stanton, 262.

JOHN G. CARLISLE, . . . . . . . . . For Appellee,
CITED
Cooley's Constitutional Limitations, 602, 603.
2 Acts of 1867–8, page 343.
2 Acts of 1869, page 217.
7 Massachusetts, 525.     15 Massachusetts, 537.
4 Iowa, 561, State v. Young.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

By an amendment to an act of the legislature, approved March 7, 1868, authorizing the Campbell County Court to subscribe to the capital stock of certain turnpike roads in Campbell County, it is provided that the said act shall not be enforced until the question shall have been submitted *to the legal voters of the county*, at the August election, 1869, whether said voters are in favor of making the subscription therein contemplated. And if the affirmative of said proposition shall receive a majority of the votes then cast for or against it, the said county court shall proceed to make the subscription, and exercise the powers therein provided for, without any further submission to the said voters.

At the November term, 1869, of the Campbell County Court an order was made subscribing five hundred dollars per mile to the capital stock of certain turnpike roads in said county in the order named, and this action was brought by appellees, tax-payers in the county aforesaid, to enjoin the authorities from collecting the tax levied by said county court to pay the subscriptions thus made to the capital stock in said roads. They allege in their petition that said subscription was not made in accordance with the provisions of the acts of the legislature, *supra*, in various particulars set forth, and among the specifications it is stated that the question was not submitted to the legal voters of the county at the August election, 1869, and at no other time, whether said voters were in favor of making the subscription to the roads as in said act contemplated.

To the answer of appellants to said petition a demurrer was sustained; and, failing to answer further, the injunction was perpetuated, and from that judgment this appeal is prosecuted.

In the preamble to the order of the county court making said subscription it is stated that the question whether the county court should subscribe five hundred dollars per mile to the capital stock of certain turnpike roads in said county was submitted to the voters of the county outside of the limits of the city of Newport at the August election, 1869, and that a majority of the voters of said county, voting at said election outside of the city of Newport, voted in favor of subscribing to the capital stock of said turnpike roads. And the allegations of the answer conform to this statement in the order, thus failing to allege and show that a majority of the legal voters of the county of Campbell voting at said election voted for the subscription; but, in effect, admitting that the question was not submitted to the voters of said county residing in the city of Newport, and that a majority of those voting at said election, including the voters living at Newport, did not vote for the subscription.

The power to tax is a high governmental power, but fortunately for the people it can not be exercised by legislative authority without limit; and when the legislature grants that high power to another tribunal it can only be exercised in strict conformity to the terms in which the power is granted, and a departure in any material part will be fatal to the attempt to exercise it.

In this case the court is authorized to make the subscription only after a majority of the legal *voters of Campbell County* voting at said election shall vote in favor of it. There is nothing in the act excluding the legal voters living in Newport; *the voters* of Campbell County includes all; and it is a misquotation of the statute when it is said in the order of the county court that the question was to be submitted "*to the vote*

It thus appearing therefore that the terms and conditions upon which the court had the right to make the subscription to said turnpike roads had not been complied with, the injunction was properly perpetuated, and the judgment must be affirmed.