FRANK DOSTER v. WM. A. STERLING, *et al.*

1. EJECTMENT; *Second Trial; Notice and Demand.* The unsuccessful party in the first trial of an action for the recovery of real property is entitled to a second trial upon demand and notice made and given at any time during the term at which the judgment is rendered against him. The demand is not required to be made in writing, but a notice thereof should be entered upon the journal by the clerk of the court when the demand is made. A demand made in open court, immediately upon the rendition of the judgment, in the presence of the opposite party, is a substantial compliance with the statute, and the neglect or refusal of the clerk to immediately make entry thereof upon the journal will not defeat the right of such party to another trial.

2. TOWN SITE; *Duty of Commissioners; Void Tax Deed.* The provisions of an act relating to town sites, authorizing the levy of a tax to pay the costs and expenses of the entry and disposal of a town site, should be strictly executed. It is the duty of the commissioners appointed thereunder to appraise the lots and improvements, and then to levy the tax upon the lots with the improvements thereon, according to their value; and where the commissioners levy a uniform tax of three dollars upon each of the lots, regardless of their actual value, or of the improvements thereon, it is fatal to the proceedings, and renders invalid a tax deed based thereon.

3. ——— Under the provisions of this statute, a specific tax is to be levied upon each lot or parcel of land in the town site, and no lot or parcel is chargeable with, nor can it be sold for, the tax imposed upon other portions of the town site.

*Error from Marion District Court.*

ACTION by *Doster* against *Sterling* and another, to recover two town lots in Peabody. Trial at the May Term, 1883,

and judgment for defendants. The plaintiff brings the case to this court. The opinion states the material facts.

*T. A. Bogle*, for plaintiff in error.

*L. F. Keller*, and *J. H. Morse*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action in the nature of eject-ment, for the recovery of two town lots in Peabody. The plaintiff claimed title under a tax deed made by the probate judge of Marion county in pursuance of "an act relating to town sites." (Comp. Laws 1879, ch. 109.) He alleges that these lots were a part of the west half of section four, township twenty-two south, of range three east, in Marion county, Kan-sas, which prior to the 27th day of December, 1871, were pub-lic lands belonging to the United States; that on that day the same were duly entered as a town site by the probate judge of Marion county, Kansas, for the benefit of and in trust for the occupants thereof; that afterward the probate judge appointed three commissioners to lay out, survey, and plat the town site, and to distribute the same among the several occupants thereof, and to levy a tax upon the several portions thereof as the law requires to raise a fund with which to pay expenses of entering the town site, and to pay all fees and costs connected therewith; that the defendant, Mary J. Sterling, was an occupant of the town site, and that the lots in question, among others, were set off to her; that the defendant failed to pay the taxes assessed against her upon these lots, and that in pursuance of the pro-visions of "an act relating to town sites" the probate judge sold and conveyed these lots to the plaintiff to pay said taxes.

The defendants allege and claim that the plaintiff's deed is invalid for the following reasons: That the commissioners ap-pointed by the probate judge to survey and plat the town site, failed to follow the procedure pointed out by the statute, in that they did not return to the probate judge along with their report a plat of their survey, and did not designate on the

plat the lots and squares on which improvements had been made, with the names of the owners thereof, and the value of the same as required by § 4 of the act relating to town sites; that instead of subdividing the entire town site into lots to be distributed among the occupants, they set apart a portion thereof for public purposes; that instead of valuing the improvements on the lots, they assessed a uniform tax of three dollars on every lot of the town site, without regard to location or value, and in entire disregard of the fact that some of the lots had valuable improvements upon them, while others· had none; that the defendants had, prior to the sale of the lots to plaintiff, tendered to the probate judge the sum of six dollars, which was the amount of taxes levied against the lots in question, and which tender had been refused. It was further claimed that plaintiff's deed was void on its face, because that several separate and distinct parcels of land were put up and sold in bulk.

This action has been twice tried in the district court of Marion county. The first trial was had in April, 1878, which resulted in a judgment in favor of the plaintiff. The defendants then, in open court, made an oral application to set aside that judgment, and for a new and second trial as authorized by law in actions of this character. This application was afterward reduced to writing, handed to the clerk of the court and filed as a paper in the case, and the clerk was by the defendants' attorneys requested to enter the application upon the journal, signing their names thereto, immediately after the entry of plaintiff's judgment upon the journal. Thereupon the court, upon this application, set aside the judgment and granted the defendants another trial. The plaintiff complains of the ruling of the court in thus granting a second trial, and upon an oral application. The objection is somewhat technical. In actions for the recovery of real property, ·the party against whom the judgment is rendered in the first trial is entitled to another and second trial upon demand made at any time during the term at which the judgment upon the first trial is rendered.

The demand is not required to be made in writing, setting forth the reasons upon which it is based, like the application for a new trial in ordinary actions, but a notice of the demand is to be entered upon the journal. This entry should be made by the clerk of the court, and not by the parties making the demand. In this case the notice and demand were given and made at the conclusion of the first trial in open court, and in the presence of both parties. It was then the duty of the clerk to enter such notice and demand upon the journal, and his neglect or refusal to make the entry ought not to be held to defeat the right of a party to another trial. Whether the clerk recorded the notice at length upon the journal at the instant it was made, does not appear, nor do we think it to be very material whether it is done then or written up with the other proceedings at the close of the day and before the adjournment for the term, and especially when the other party had actual notice of the demand. The facts relating to the demand above recited, as well as the formal application, appear in the recorded proceedings of that day and as a part of the judgment entry. It appears to have been entered on the same day, and it occurs in that entry immediately after the record of judgment and before the order granting a second trial. There has therefore been a substantial compliance with the law, and the plaintiff's objection must be overruled. The second trial occurred at the May term, 1883. When the plaintiff had offered his testimony in support of his right of recovery, the defendants interposed a demurrer to the evidence upon the ground that no cause of action had been established thereby. The demurrer was sustained by the court, and we think rightly so. The taxes for which the lots in question were sold to plaintiff are authorized, and the method of their levy and collection is provided for in the statute relating to the entry and disposal of town sites. (Comp. Laws 1879, ch. 109.) Section 4 of that act provides for the appointment of three commissioners by the probate judge, and then provides that—

"It shall be the duty of such commissioners to cause an actual survey of such site to be made, conforming, as near as

may be, to the original survey of such town, designating on such plat, the lots or squares on which improvements are standing, with the name of the owner or owners thereof, *together with the value of the same.*"

Section 5 provides that the commissioners shall, as soon as the survey and plat are completed, give a notice thereof to all persons interested in the town site, that, on a day stated, they will proceed to set off the lots, squares or grounds, to each occupant in accordance with their respective interests.

Section 6 provides for the setting apart of the lots, squares or grounds to the persons entitled to receive the same, in pursuance of the notice given in § 5.

Section 7 provides that—

"After the setting apart of such lots or grounds, and the *valuation of the same,* as hereinbefore provided for, the said commissioners shall proceed to levy a tax on the *lots and improvements thereon, according to their value,* sufficient to raise a fund to reimburse to the parties who may have entered such site, the sum or sums paid by them in securing the title to such site, together with all expenses accruing in perfecting the same, the fees due the commissioners and the surveyor for their respective services, and other necessary expenses connected with the proceedings."

Section 9 provides as follows:

"The said probate judge shall then proceed to collect the taxes, levied as aforesaid, and he shall make deeds to the lots so set apart to the various parties entitled to the same; but no deeds shall be made to any person until such person shall have first fully paid all the tax or assessment so levied against him; and in case any person shall refuse or neglect to pay such tax or assessment so made against him, the probate judge may proceed to offer such lots and improvements for sale to the highest bidder, first giving such public notice as may be required in case of execution against the lands and tenements of a debtor in the district court."

The provisions of this statute relating to the levy and collection of taxes should be strictly followed and executed. Counsel for plaintiff contends that the taxes levied thereunder are not taxes, and that the rules respecting the levy and collection of taxes should not be applied to this case, or employed

25 — 33 KAS.

in interpreting the provisions relating to taxes in the town-site act. We think that they are not only taxes in name, but in nature. The assessment and levy of the tax is made by officers appointed by authority of law; the tax is required to be levied upon the lots and improvements in accordance with their value; the purpose of the tax is a public one, as the fund provided thereby is for the benefit of every person within the district taxed, that is, every occupant of the town site. The tax thus levied against each parcel of land is chargeable alone to such parcel, and a failure of the party interested to pay the tax subjects the parcel to a sale to the highest bidder for the amount levied against it. It will thus be seen that the charge here provided for has all the elements of, and constitutes what is ordinarily and popularly understood as taxes.

As has been seen, the basis of the levy and the method of securing equality of the burden of this tax upon the people within the town site, is by the valuation of the lots as well as the improvements thereon. Herein the commissioners appointed in this case failed. By the plaintiff's proof it appears that an arbitrary estimate was placed upon the lots, without regard to location or actual value, and no appraisement was made of the improvements that had been placed upon the lots. The commissioners then levied a uniform tax of three dollars upon each lot, regardless of its real value, or the value of the improvements thereon. This was certainly a wide departure from the statutory requirement, which is prescribed for the benefit of the tax-payer, and to insure equality of taxation. We are of the opinion that the rule of the statute apportioning the tax and fixing the basis of its levy upon the valuation of the lots and the improvements thereon, is an essential requirement, a disregard of which is fatal to the proceedings. (Cooley on Taxation, p. 324; *State v. Jersey City*, 5 N. J. L. 386; *Clark v. Crane*, 5 Mich. 151; *Hewes v. Reis*, 40 Cal. 255; *Davis v. Farns*, 26 Tex. 296; *Brown v. Veazie*, 25 Me. 359.)

It appears, too, that the defendant tendered to the probate judge in good time the amount of the tax levied against the lots in question. The tender was refused because it was in-

sufficient in amount to pay the taxes upon *all* the lots set apart to her. In this the probate judge was wrong. As has been stated heretofore, it is not a personal or *per capita* tax. The levy is made upon the lots together with improvements thereon. There is, or should be, a specific charge against each parcel, and the owner is entitled to the privilege of paying off and discharging the tax upon any or all of his lots as he may choose, and no lot or parcel can be sold for any tax, except that which had been specifically levied against it.

These conclusions necessarily lead us to hold the plaintiff's tax deed to be invalid, and it is therefore needless to discuss or decide upon the other grounds of invalidity asserted against the deed by the defendants.

There was no error in sustaining the demurrer interposed by the defendants to plaintiff's evidence, and the judgment of the district court will therefore be affirmed.

All the Justices concurring.