## E. J. KELLER v. S. C. HAWK.

(Filed September 10, 1903.)

1. ACTIONS FOR THE RECOVERY OF REAL PROPERTY—Second Trial—When Allowable. In an action for the recovery of real property, the party against whom judgment is rendered is entitled to another trial as a matter of right, when he makes the demand by notice on the journal, and it is error to refuse such demand.

2. SAME—Right to Second Trial not Defeated, When. The fact that the plaintiff in an action for the recovery of real property includes in his petition a claim for rents or damages, or that the defendant sets up an equitable defense and demands equitable relief, does not take away the right of the defeated party to another trial.

3. SAME—What Sufficient Demand for Second Trial. A demand in open court at the close of the trial, for another trial is sufficient compliance with the statute, and the clerk should immediately enter such request on the journal, and the court should vacate the judgment and continue the cause until the next term.

(Syllabus by the Court.)

---
Keller v. Hawk.
---

*Error from the District Court of Cleveland County; before C. F. Irwin, Trial Judge.*

*C. L. Botsford* and *B. F. Williams, Jr.,* for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

BURFORD, C. J.: But one question is presented by the record in this case. Was the defendant entitled to a second trial under the provisions of Sec. 4792, Wilson's Stat. civil code, sec. 594? The plaintiff, Hawk, brought his action in the district court of Cleveland county against the defendant, Keller. In his petition he alleges that he is the owner of and holds the legal title to certain real estate, situate in the town of Lexington, Cleveland county, Oklahoma Territory; that he is entitled to the possession of said lots, and that the defendant has possession and has kept him out of possession for two years last past. He prays judgment for possession, and twenty dollars rent for use of the lots.

The defendant, Keller, answered by a general denial, and also set up a tax deed, and claimed title thereunder; and asked to have his title quieted. The court sustained a demurrer to the count of his answer which set up the tax deed, and the case was left at issue upon the petition and general denial. The case was tried to the court without a jury, and finding made and judgment rendered in favor of the plaintiff, Hawk, for possession, and $24 damages. The defendant immediately in open court demanded another trial, and the notice was entered on the journal. The court failed to pass upon the demand

for a second trial until the succeeding term of court, when the demand was overruled, and a second trial refused. To this ruling the defendant excepted, and brings the case here for review.

The defendant in error has failed to file a brief, and we are not advised upon what grounds the trial court refused the demand for another trial.

The statute is: "In an action for the recovery of real property, the party against whom judgment is rendered may, at any time during the term at which judgment is rendered, demand another trial by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term;" and is imperative when the case is one of the class embraced within its terms, and the conditions have been performed by the one requesting its benefit. There is no discretion vested in the court to grant or refuse the demand, according to any equities or rights of the parties. If the action is one for the recovery of real property, either party, plaintiff or defendant, against whom judgment is rendered, is entitled to another trial as a matter of right, if he makes the request in time and manner as required. And it was held in *Cheesebrough v. Parker,* 28 Kan. 566, that the right to a second trial is not taken away by the addition to the petition of a claim for mesne profits, or by the fact that the defendant sets up an equitable defense, and claims equitable relief in the answer.

In the case at bar there can be no question but the action was one for the recovery of real property. It is the old action of ejectment brought by one having a legal or equitable title, and out of possession, to recover the possession. The defendant against whom the judgment was rendered made

his demand in time, and the notice was duly entered on the journal. The case is squarely within the terms of the statute, and we know of no reason why the plaintiff in error was not entitled to the second trial.

This statute has been frequently construed by the supreme court of Kansas prior to its adoption by our legislature. (*Doster v. Sterling, et al.,* 33 Kan. 381; *Braley v. Langley,* 28 Kan. 804; *Beckman v. Richardson,* 28 Kan. 648.)

It was the duty of the court, when the proper demand was made and entered upon the journal, to have vacated and set aside the judgment, and continued the cause until next term.

The judgment of the district court is reversed, and cause remanded, with directions to set aside the judgment in said cause, and grant the plaintiff in error another trial in said cause.

Reversed at the costs of the defendants in error.

Irwin, J., who presided in the court below, not sitting; Burwell, J, dissenting; Gillette, J., absent; all the other Justices concurring.