JESSE J. DUNN,
SAMUEL W. HAYES,
JOHN B. TURNER,     } JUSTICES.
R. L. WILLIAMS,

BORDER *et al. v.* CARRABINE.

No. 192.   Opinion Filed September 14, 1909.

(104 Pac. 906.)

APPEAL AND ERROR—Review—Change of Theory. When the answer of the defendant and the reply of the plaintiff join issues inconsistent with the allegations of the petition, and the case is submitted to the court below without objection on the issues joined by the answer and reply, and judgment is rendered on that theory, the parties will not be permitted to change in this court a theory voluntarily adopted in the court below.

(Syllabus by the court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Action by G. F. Border and Maud Border against O. Carrabine. Judgment for defendant, and plaintiffs bring error. Affirmed.

Vol. 24—39

*C. C. Wells, J. W. Scothorn,* and *J. A. Powers,* for plaintiffs in error, citing: *Cheeseborough v. Parker,* 25 Kan. 566.

*J. F. Mathews* and *S. B. Garrett,* for defendant in error, citing: *Swartzel v. Rogers,* 3 Kan. 374; *Northup v. Romary,* 6 Kan. 240; *Blackford v. Leveridge,* 10 Kan. 101; A. & E. Enc. Law, vol. 20, p. 611.

KANE, C. J.  The petition in this case states a cause of action for the recovery of real estate.  The action was brought by the plaintiffs in error against the defendant in error in the district court of Greer county, prior to statehood.  Besides the usual prayer for possession, the plaintiffs prayed judgment for damages in the sum of $25 per month for the wrongful detention of the land.

The answer of the defendant admitted the possession, and as a defense set up the following contract:

"April 4, 1905.  G. F. Border has this day sold to O. Carrabine the corner lot now used as Border & De Arman's office, containing 70 feet fronting north and extending south 150 feet, and move the North Side Hotel, in North Mangum, and place on said lot, for the consideration of $700, to be paid when hotel is moved, and $800 to be paid in 12 months, at the rate of 10 per cent. interest.  Border agrees to place said hotel on said lot in good condition as it now stands, except paper being broken, by May 1, 1905"—

and further alleged that said hotel was moved upon said lot by said plaintiff G. F. Border, and said defendant took possession of the same under the terms of said contract, and paid said plaintiff G. F. Border the sums of money indorsed thereon, namely, $648 in cash; that the said hotel building was a valuable improvement on said property, worth $2,500 to $3,000; that said plaintiff G. F. Border did not comply with his contract in placing said hotel on said lot by May 1, 1905, and that defendant was thereby damaged $300 on account of being deprived of the use of said hotel; that said hotel was not placed on said lot in as good condition as when it was in North Mangum, as provided in said contract, and defendant was compelled to hire carpenters to

repair same and pay out $150 therefor; that defendant had been at all times ready to comply with his part of said contract, and pay or secure the payment of the sums due thereunder.

By way of reply, the plaintiff G. F. Border admitted the execution and delivery of the contract set up by the answer of defendant, and that he failed to place the hotel described in said contract on the land therein mentioned within the time therein stipulated, and that the defendant had paid on said contract the sum of $648. He then alleges, in substance, that in a few days after the execution and delivery thereof he procured the services of the best house mover he could obtain to move said hotel, and did commence to have said hotel moved, but that he was unable, by using every reasonable effort on his part, to place said hotel on the premises within the time stipulated, by reason of heavy rains that soaked the ground with water in an unusual manner, and this and other acts over which he had no control prevented strict compliance with the terms of the contract.

On the trial of the cause no title papers or evidence of that character were introduced by plaintiffs, and the record discloses that the sole issue, as far as the evidence introduced was concerned, was whether or not the plaintiff G. F. Border complied with the terms of the contract, and, if he did not, if he was justified in not complying with them on account of the rains, which made, as he contended, compliance within the time limited impossible, and the amount of damages, if the plaintiff G. F. Border was found to be legally culpable. The case was tried to the court without a jury, the court making special findings to the effect that the defendant had been placed in possession by plaintiff G. F. Border, and the hotel building placed upon the lots under said written contract of sale and purchase; that plaintiff G. F. Border received from said defendant the sum of $648 of the stipulated purchase money; that plaintiff G. F. Border was not entitled to the possession of said premises, and under the evidence and pleadings the action was not properly brought as an action in ejectment; that the lot was no part of the homestead

of plaintiffs, and that Maud Border was improperly joined as party plaintiff; that at the time the action was brought plaintiff G. F. Border was entitled to $844 balance purchase on sale; that defendant was entitled to a credit thereon in the sum of $200 for his damages occasioned by the failure of the plaintiff G. F. Border to comply with the terms of the contract within the time limited by its terms, leaving a balance due plaintiff G. F. Border of $644, with 10 per cent. interest.

Upon these findings the court entered judgment lfor the sum found due, and a decree giving plaintiffs a lien on said premises, and ordering the same sold to satisfy the money judgment. From this judgment and decree of the court, the plaintiffs appealed to this court, assigning various errors; but the only one urged and resisted with vigor by counsel for the respective parties in their briefs is the first assignment, to the effect that the court committed error in overruling plaintiffs' motion for a new trial, for the reason that under section 4792, Wilson's Rev. & Ann. St. 1903, the plaintiffs were entitled to a new trial as a matter of right, upon demand therefor and notice thereof on the journal.

It has been held by the Supreme Court of the territory in *Keller v. Hawk,* 13 Okla. 261, 74 Pac. 106, and the Supreme Court of the state, in *Hammer v. Rogers et al.,* 21 Okla. 367, 96 Pac. 611, that:

"Where the principal object of an action is the recovery of real property, the party against whom the judgment is rendered may, at any time during the term at which the judgment is rendered, have another trial as a matter of right; and this, although there is joined with such principal object, and as incidental thereto, the cancellation of the evidence of title of the adverse party in the nature of equitable relief."

To our minds the case at bar does not fall within the rule laid down in these cases. While the statute is imperative when the case is one embraced within its terms, yet it can in no sense be said that the case at bar is solely and exclusively for the recovery of the land described in the petition. It is true that ac-

tion was originally brought under the statute; but the subsequent pleadings on the part of the plaintiffs and the proceedings at the trial plainly show that they really did not have a statutory cause of action for the recovery of real estate. The plaintiffs in their reply prayed for the same relief asked for in their petition, and further prayed that:

"In the event the court is of the opinion that plaintiffs are bound to execute and deliver to the defendant their conveyance of said lot, then in that event the said plaintiff G. F. Border asks judgment by the court declaring a lien upon said premises for the sum of $852, with interest thereon from the 4th day of April, 1905, at the rate of 10 per cent. per annum, and that said premises be ordered sold to pay same, and costs of this action. * * * "

It was upon the issues joined by the answer and the reply that the case was tried and submitted to the court below, and no effort was made to show that the plaintiff was entitled to the recovery of the land.

Section 4306, Wilson's Rev. & Ann. St. 1903, provides:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer."

It is true the reply of plaintiffs contains matter inconsistent with the allegations of their original petition; but the case was tried below by both parties without objection upon the answer and reply, and the parties will not be permitted to change in this court a theory voluntarily assumed by them in the court below. In *Harris v. First Nat. Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781, it was held by this court that "the right of appellant to recover was properly submitted to the jury on his own theory. The jury finding against him on the theory relied upon, he will not be permitted to change front in this court, and claim the right to recover upon some other theory." The plaintiff G. F. Border has been granted the equitable relief prayed for in his

reply, and was allowed the full amount he claims was due him under the contract, with the exception of the sum of $200, which the court found was due the defendant as damages for breach of the contract by the plaintiff G. F. Border. There is evidence in the record reasonably tending to sustain the judgment of the court on the question of damages, so this court is precluded from disturbing it.

The suit as finally presented to the court below was not an action for the recovery of real estate within the meaning of the statute, and the plaintiffs in error are therefore not entitled to a new trial as a matter of right. We have examined the record and proceedings in the court below upon the theory the case was there presented, and find no reversible error therein on the merits of the case.

The judgment of the court below is affirmed.

All the Justices concur.