MATTHEW J. KANE, Chief Justice.
JOHN B. TURNER, Vice Chief Justice.
R. H. LOOFBOURROW, ⎫
STILLWELL H. RUSSELL, ⎬ Justices.
FINIS E. RIDDLE, ⎭

WALLACE v. KILLIAN.

No. 3075.   Opinion Filed April 14, 1914.

(140 Pac. 162.)

1.  APPEAL AND ERROR—Verdict—Evidence.   Record examined, and held to disclose no reversible error.

2.  SAME—Issues—Change of Theory.   Where the answer and reply join issues inconsistent with the petition, and the case is submitted without objection on such issues, and judgment is rendered on that theory, the parties are bound by such theory· on appeal.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Wallace v. Killian.

Action by Clarence E. Wallace, a minor, by John Wallace, his legal guardian, against G. V. Killian. Judgment for defendant, and plaintiff brings error. Affirmed.

*Rennie, Hocker & Moore,* for plaintiff in error.

*J. F. Sharp* and *J. B. Dudley,* for defendant in error.

KANE, C. J.   This was an action commenced in behalf of Clarence E. Wallace, a minor, by John Wallace, his legal guardian, plaintiff in error herein, plaintiff below, against G. V. Killian, defendant in error herein, defendant below, to recover possession of certain real estate, alleged to be the property of the minor, and for damages for its detention.   Thereafter the defendant filed an answer, admitting that the plaintiff was the owner of the real estate and premises described in his petition, but alleged that he was rightfully in possession thereof by virtue of the assignment to him of a certain lease therefor, the terms of which it is not necessary to notice.   Prior to the time the cause came on for trial, the plaintiff by a written lease, which is conceded to be valid, let the premises in controversy to the defendant, and thereafter, by agreement of the parties, the cause proceeded to trial upon the sole question of whether the defendant paid the rental value of the premises to the plaintiff during the time he was in possssion thereof prior to the execution of the admittedly valid lease.   The trial court stated the issues in controversy as agreed upon by the parties as follows:

"The only question for the jury to pass upon in this case is that of the rents and damages, if any, for the year 1910.   The defendant alleges that he had the land rented, and that he has paid the rents for said year.   *   *   * "

The jury returned a verdict for defendant, to reverse which this proceeding in error was commenced.

There is evidence reasonably tending to support the verdict of the jury; and, as there is no other question in the case than the one presented to the jury by the trial court, the verdict and the judgment rendered thereon are conclusive.

There are several questions presented by counsel for plaintiff in error in his brief which, on account of the narrowing of the

issues by the action of the plaintiff in executing a valid lease to the defendant and the subsequent agreement of the parties, it is not necessary to review. The cause seems to have been tried upon what purports to be an answer, filed during the trial, and a reply thereto, wherein the only issue joined was the one above mentioned, which was decided by the jury in favor of the defendant. While the answer was filed over the objection of the plaintiff, and the court overruled a demurrer thereto, the plaintiff finally by reply did traverse the allegation of fact therein contained, and, as stated by the trial judge, agreed upon the issue to be submitted to the jury. In *Border v. Carrabine,* 24 Okla. 609, 104 Pac. 906, it was held:

"When the answer of the defendant and the reply of the plaintiff join issues inconsistent with the allegations of the petition, and the case is submitted to the court below without objection on the issues joined by the answer and reply, and judgment is rendered on that theory, the parties will not be permitted to change in this court a theory voluntarily adopted in the court below."

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.