## BROWN et al. v. TULL et al.

No. 4530—Opinion Filed Nov. 23, 1915.

Rehearing Denied May 8, 1917.

(164 Pac. 785.)

**1. Appeal and Error — Harmless Error — Remarks of Trial Judge.**

Remarks of a trial judge during the progress of the trial in the presence of the jury do not constitute reversible error, unless from a reasonable understanding of his words they would tend to prejudice the minds of the jury for or against either of the parties.

**2. Appeal and Error—Harmless Error—Instructions.**

Instructions given by the court considered, and held free from prejudicial error.

**3. Set-Off and Counterclaim—Building Contract.**

In an action upon a building contract by the builder, the defendant may elect to counterclaim against the builder for any damages sustained by builder's failure to perform in accordance with his contract, instead of defending against any recovery because of such failure to perform.

**4. Appeal and Error—Theory of Case Below—Change on Appeal.**

When the parties have joined issue and gone to trial upon one theory of the case, they will not be permitted in this court to change such theory and have the case considered upon another.

**5. Trial—Form of Verdict—Duty to Charge —Objection.**

The trial judge is not required to prepare forms of verdict, and if he does the party aggrieved must except to the form prepared at the time in order to avail himself of any error therein.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by G. P. Tull and L. H. Tull, partners under the name of Tull & Son, and the Brown-Dingee Investment Company, against Eli Brown and another. Judgment for plaintiffs, motion for new trial overruled, and defendants bring error. Affirmed.

This action was commenced by the defendants in error, hereinafter styled the plaintiffs, against the plaintiffs in error, hereinafter styled the defendants, and one W. L. Garner in the district court of Oklahoma county to foreclose a mechanic's lien on certain real estate in Oklahoma City for the balance claimed to be due plaintiffs for plumbing and supplying fixtures for a building erected by defendants upon said real es-

tate under a contract with W. L. Garner. The plaintiffs alleged that on June 15, 1910, they entered into a written contract with W. L. Garner, the building contractor with defendants, to do certain plumbing in and furnish certain fixtures for a building then being constructed by defendants, and that on July 5, 1910, the plaintiffs contracted in writing with said Garner to do certain additional plumbing upon said building; that Garner had paid the contract price due plaintiffs for the work provided for in the second contract, and that he had made partial payments on the first contract, and plaintiffs claimed a balance due them of $725; that plaintiffs had performed the work and furnished the materials provided for in both contracts in accordance with the terms thereof; that on September 23, 1910, plaintiffs filed their mechanic's lien claim for the balance due, and thereafter served notice of the filing thereof upon defendants. The defendants denied generally the allegations of plaintiffs, pleaded that after the completion of work by plaintiffs, plaintiffs and Garner fraudulently altered the contract first entered into in a material manner, and pleaded that plaintiffs had failed to comply with both their contracts and performed the work done in a slovenly and unworkmanlike manner to the damage of defendants in the sum of $1,200, and prayed judgment against the defendants in the sum of $475. The plaintiffs replied, denying the averments in the answer. Both plaintiffs and defendants offered evidence tending to establish the allegations of their pleadings at the trial, which resulted in a verdict for plaintiffs. In due time defendants moved for new trial, which motion being overruled, judgment was entered, to reverse which defendants bring the cause here for review.

Wilson & Tomerlin and E. E. Buckholts, for plaintiffs in error.

Jno. H. Wright and Clarence J. Blinn, for defendants in error.

Opinion by RUMMONS, C. (after stating the facts as above). Under the first assignment of error in their brief, the overruling of their motion for new trial, counsel for defendants argued but one proposition, the failure of plaintiffs to prove the giving of notice of the filing of their mechanic's lien. But it seems that after the filing of the brief of defendants the plaintiffs secured leave from this court to correct the record, and pursuant thereto amended the case-made so as to show that notice of the filing of their mechanic's lien was given defendants as required by law; therefore we need not further consider this assignment.

The second and third assignments of error go to the admission of incompetent, immaterial, and irrelevant testimony offered by plaintiffs, and to the exclusion of competent, material, and relevant testimony offered by defendants. Counsel for defendants under these assignments argue the proposition that defendants were denied a fair trial, and present several excerpts from the record to show that the trial judge was prejudiced against defendants, and that his remarks in ruling upon the admission or rejection of testimony indicated such prejudice to the jury. We have carefully examined the excerpts from the record shown in the brief of defendants, and have also examined the record, and find nothing in the colloquies between the trial judge and counsel for plaintiffs and defendants, over objections to the introduction of evidence and the rulings of the court thereon, to indicate any prejudice on the part of the trial court for or against either the plaintiffs or defendants from which a jury might reasonably infer that the court leaned to either side of the controversy. Our Territorial Supreme Court in the case of City of Guthrie v. Carey, 15 Okla. 276, 81 Pac. 431, says:

"No remarks of the court should ever be considered as reversible error, unless it be shown that by a reasonable construction of the language, and a reasonable understanding of his words, they would have a tendency to prejudice one side or the other in the mind of the jury."

In this case we fail to find any remarks in the record made by the trial court, save the ordinary colloquies between counsel and the court, which are bound to occur in the trial of nearly every case. We notice also that, in probably one-half of the cases complained of, the counsel for defendants took no exception to the rulings of the court, and no exception whatever was taken to the remarks of the court. We have also examined the rulings of the trial court upon the evidence set out in the brief of counsel for defendants, together with the evidence set out in their statement of the case, and we find no reversible error in the rulings of the court upon the introduction of evidence. We therefore conclude that defendants' second and third assignments of error are not well founded.

The fourth and fifth assignments of error complain of the action of the court in refusing instructions requested by defendants, and of the instructions given by the court. Counsel for defendants set out in their brief instructions 5 and 6 given by the court, to which they excepted, and which are as follows:

"5. If you believe from the evidence in this case, by a preponderance thereof, that the plaintiffs entered into contracts with the defendant W. L. Garner to do and perform certain work upon a building being erected by the defendants Brown & Dingee, and that plaintiffs have done and performed the said work which they agreed in said contracts to do, in the manner required by the said contracts, and that the plaintiffs have not been paid the total contract price for their work, that they would be entitled to a verdict at your hands for the amount which you find is due and unpaid upon such contracts, with interest at 6 per cent. thereon from the 23d of September, 1910. * · * *

"6. If you, however, believe that the plaintiffs agreed to do and perform said work and labor according to the plans and specifications and contracts, and that plaintiffs did not do and perform the said work and labor according to the plans and specifications and the contracts, and by reason of plaintiffs' failure to so perform the said work the defendants have been damaged, you may set off such damages, if any you find the defendants to have sustained, against any claim the plaintiff may have established for work and labor, if you find such a claim to have been established."

The defendants contend that these instructions do not submit to the jury the question of a failure of performance on the part of plaintiffs which might preclude a recovery by them, and submit authorities in support of the proposition that a failure to perform in accordance with the contract will defeat a recovery by the contractor. This is undoubtedly correct, but it is also true that in a building contract upon a failure by the contractor to substantially perform his contract, the other party may elect to recover damages for the breach instead of defending on the ground of nonperformance. Thomas v. Warrenburg, 92 Kan. 576, 141 Pac. 255.

The defendants might in their answer have elected to stand upon the alleged breach of their contract by plaintiffs. In that case if the evidence disclosed a failure of performance on the part of plaintiffs, they could not recover. But having elected to recoup in damages, for the alleged breach by plaintiffs of their contracts, against any recovery to which the plaintiffs might be entitled, they are bound by that theory, and cannot in this court change the issue. Border v. Carrabine, 24 Okla. 609, 104 Pac. 906; Wallace v. Killian, 40 Okla. 631, 140 Pac. 162. The defendants not only tried the case in the court below upon the theory that they were entitled to recoup in damages for any breach of the contracts on the part of plaintiffs, the issues raised by the pleadings, but so far as the record discloses they never requested the trial court to charge the jury upon the theory of failure of performance, which they now set up here for the first time.

Defendants complain of the refusal of their requested instructions 6 and 7, which are as follows:

"Instruction No. 6. I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiffs and W. L. Garner fraudulently changed the contract sued on in this case and introduced in evidence, after the work was completed and for the purpose of rendering the defendants liable to the plaintiffs for the full amount of the contract, then I charge you that under the law this would vitiate the contract sued upon, and your verdict should be for the defendants.

"Instruction No. 7. I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiffs and W. L. Garner by mutual agreement and for the fraudulent purpose of rendering Brown & Dingee liable to the plaintiffs herein changed the contracts sued upon after the work was completed, then I charge you that your verdict should be for the defendants."

We think instruction No. 7, given by the court, which was not excepted to by defendants, cured any possible error there could have been in refusing the instructions requested. Instruction No. 7, given by the court, is as follows:

"The intentional destruction, cancellation, or material alteration of a written contract by a party entitled to recover any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor against parties who do not consent to the act. In other words, the alteration of a written contract by one of the parties to it without the consent or knowledge of the other party vitiates the contract, and a recovery cannot be had upon that contract; but where a contract is executed in duplicate, the law provides that an alteration or destruction of one copy of such contract while the other exists, unaltered, does not vitiate the contract.

"Therefore, if you believe from the evidence that the contract sued on in this case has been materially changed by the plaintiffs, or with their knowledge or consent, and without the knowledge and consent of the defendants, such alteration vitiates such contract, and no recovery could be had thereunder by the plaintiffs. If you should further find and believe from the evidence that the contract sued on was executed in duplicate, and that but one copy of such contract was so changed, then the changing of that one copy would not vitiate the contract and a recovery might be had, notwithstanding the alteration of one copy of the contract."

It will be noted that this instruction states the law as to the alteration of the contracts and the issue thereon, much more favorably to the defendants' than the instructions refused, inasmuch as the jury were not by the instruction given required to find fraud or the intent with which the alteration, if any, might have been made.

The defendants finally complain of the form of the verdict prepared by the court. Trial judges are not required to prepare forms of verdict, and if they do exception must be taken by the party aggrieved before the matter can be heard here. Houston, T. & C. R. Co. v. Lemair, 55 Tex. Civ. App. 244, 119 S. W. 1162. The record discloses no exception taken to the form of the verdict at the time, and defendants cannot now be heard to complain of it.

· The issues have been presented to the jury upon conflicting evidence under proper instructions, and as we find no reversible error in the record, the judgment should be affirmed.

By the Court: It is so ordered.