**PRIMOUS v. WERTZ et al.**

No. 7407—Opinion Filed Oct. 17, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 481.)

1. **Appeal and Error—Review—Findings—Evidence.**

The findings of fact by the trial court brought up by petition in error and transcript will not be reviewed in the absence of the evidence upon which such findings were made.

2. **Appeal and Error—Review—Presumptions.**

In the Supreme Court error is never presumed, but must be affirmatively shown by the record, and where this does not appear the judgment appealed from should be affirmed.

3. **Appeal and Error—Review—Change of Theory on Appeal.**

Where a party tries his case upon one theory in the trial court, he will not be permitted in this court to change front and try to prevail upon another theory not presented in the trial court.

(Syllabus by Galbraith, C.)

Error from District Court, Wagoner County; Fred P. Branson, Judge.

Action by Sarah E. Primous against D. E. Wertz and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Wm. Neff and L. E. Neff, for plaintiff in error.

C. B. McCrory, Jesse W. Watts, and Alvin F. Molony, for defendants in error.

Opinion by GALBRAITH, C. This was a suit in equity to secure the cancellation of certain indebtedness evidenced by promissory notes, and to have certain conveyances in form of warranty deeds declared to be mortgages and canceled, and for reconveyance of the property to the plaintiff in error. A jury was waived, and the cause was submitted to the court for trial on the issues made by the pleadings, and the court made special findings of fact and conclusions of law as follows:

"That the lands involved in this suit, to wit, the north half of the southwest quarter and the south half of the northwest quarter of section 3, township 18 north, range 15 east, situated in Wagoner county, Okla., constituted the allotment of Betsey Primous, since deceased, who was a freedman citizen of the Creek Nation or Tribe of Indians; that said Betsey Primous died on or about July 31, 1903, seised of said lands; that said Joe Primous was the surviving husband of said Betsey Primous; that subsequent to the death of said allottee said Joe Primous married the plaintiff herein, Sarah E. Primous; that thereafter, on, to wit, January 12, 1906, said Joe Primous died leaving a will which was duly probated and allowed according to law, wherein he devised said lands to said plaintiff, Sarah E. Primous.

"That on June 2, 1904, the said Joe Primous and his wife, the plaintiff, executed a warranty deed to J. H. White for the land in controversy; that on the same day the plaintiff and her said husband, Joe Primous, executed and delivered their warranty deed to the said J. H. White for an 80-acre part of the surplus allotment of said Sarah E. Primous; that on the same day Phillip H. Garnett executed and delivered to said J. H. White a warranty deed for the allotment of said Phillip H. Garnett; that all of said deeds were duly recorded as required by law, and are absolute in form, but were intended by all parties at the time of the execution of the same to be mortgages, and were given to secure the payment of the sum of $3,685, and interest, which was evidenced by three certain promissory notes of the same date aggregating said sum, and which were then and there executed by said parties to the said J. H. White; that simultaneously with the execution and delivery of said deeds an instrument of defeasance was also executed by all of said parties giving the vendors the right to pay off said sum of money within one year from the date thereof and to have the said land reconveyed to them, which said instrument of defeasance was not recorded.

"That at the time of the execution of said deeds and the said notes for $3,685 the said Joe Primous owed said J. H. White $1,000, together with lawful interest thereon, and the plaintiff, Sarah E. Primous, owed the said J. H. White $250, together with lawful interest thereon, in all the sum of $1,250, and interest, for money theretofore borrowed, and that the said Joe Primous obtained the further loan of $1,500 on said day, in all the sum of $2,750, and interest, for which said parties executed their said notes of that date aggregating the said sum of $3,685; that the said sum of $2,750 was the total of the principal obtained by said Joe Primous and the plaintiff for the execution of said notes, and that said sum constituted the only money or thing of value obtained by said Joe Primous or the plaintiff for the execution of said notes.

"That thereafter, on or about the 1st day of July, 1905, the said Joe Primous and J. H. White entered into a contract in writing wherein and whereby the said Joe Primous bargained and sold his equity of redemption in and to said land under and by virtue of said mortgage thereon for a valuable consideration, to wit, the cancellation of the balance of said indebtedness; that the said Joe Primous agreed to pay rent for the year 1906, but wholly failed to do so.

"That after the execution of said contract whereby the said Joe Primous bargained and sold his equity of redemption in and to the land in controversy to the said J. H. White for a valuable consideration as aforesaid, the said J. H. White accepted $900 paid to him by the plaintiff and Sarah E. Primous on the 22nd day of April, 1907, and thereupon the said J. H. White executed and delivered his quitclaim deed in writing to her for the said 80 acres, part of her surplus allotment; that thereafter, in December, 1905, the said J. H. White executed and delivered a quitclaim deed in writing to the said Phillip H. Garnett for the said allotment of land of the said Phillip H. Garnett; that thereafter, and during the year 1907, the said J. H. White made an oral offer to F. Scruggs, Esq., one of the plaintiff's attorneys, to reconvey the land in suit to the plaintiff upon the payment of the balance of said indebtedness, which offer was never accepted by the plaintiff or by any one for her, nor was the balance of said indebtedness ever paid to the said J. H. White.

"That on, to wit, the 28th day of February, 1908, the said J. H. White and his wife, Clara E. White, for a valuable consideration, to wit, the sum of $2,700, executed, acknowledged, and delivered their warranty deed in writing of that date, wherein and whereby they bargained, sold, and conveyed said land to the defendant, B. F. Wertz, which said warranty deed was filed for record in the office of the register of deeds of Wagoner county, Okla., on March 6, 1908, and recorded in volume 61 at page 84.

"That at and before the time of the execution and delivery of said deed by said White and wife to the said defendant Benjamin F. Wertz the latter visited the premises accompanied by the said White and found the same wholly unoccupied and uninhabited.

"From the foregoing findings of fact the court concludes as a matter of law that the sale of the equity of redemption in and to said land under and by virtue of said mortgage by the said Joe Primous to the said J. H. White vested the said J. H. White with the absolute title in fee simple in and to said land; that the warranty deed made by the said White to the said defendant Benjamin F. Wertz vested the latter with the absolute title in fee simple in and to said land; that said deed last mentioned was not champertous; and that the said defendant B. F. Wertz was an innocent purchaser of said land for value and without notice—to all of which plaintiff excepts."

Upon these findings and conclusions the court decreed, dismissing the plaintiff in error's bill at her cost. To review that decree the cause has been appealed to this court, upon petition in error and transcript.

It is insisted on behalf of the plaintiff in error that the trial court was in error in the conclusion that the sale by Joe Primous of his equity of redemption vested the title to the land involved in J. H. White, and that his deed to the defendant in error Wertz conveyed title thereto, for the reason that the deeds to White of June 1, 1904, were intended as mortgages, and were given to secure an indebtedness of $2,750, while the notes evidencing such indebtedness were for the sum of $3,685, and therefore the transaction was tainted with usury and the conveyances were void and no title conveyed thereunder, and, further, that the release of the equity of redemption executed by Joe Primous to White on the 1st day of July, 1905, did not operate to release the plaintiff in error's right of redemption, for the reason that she did not join therein, and also that White waived the release of the equity of redemption given by Joe Primous by accepting $900 from the plaintiff in error and $1,200 from J. H. Garnett as payment on the indebtedness subsequent to the execution of such release, and by his offer to reconvey the land to the plaintiff in error on the payment of the balance of the indebtedness.

The court made no special findings on the question of usury. Still it is insisted that from the findings made the conclusion is justified that the conveyances and notes were tainted with usury, and were, for that reason, void, under section 4732, Mansfield's Dig. Ark., and therefore no title to the land in controversy ever vested in White, in this, that since the court found that $2,750 was the entire amount received by Joe Primous and his wife, and the entire consideration passing

from White to them for the deeds, and the notes were given for $3,685, the amount that the notes exceeded $2,750, and legal interest for one year, was unlawful and usurious interest.

It does not appear from the findings what consideration, if any, passed from White to Garnett for the conveyance for his surplus allotment, nor why he joined in executing the notes for $3,685, nor why he paid $1,200 to White on said indebtedness. The evidence taken at the trial is not in the record. In this suit, where the rights of an innocent purchaser of the land have intervened, we do not consider that we should review the findings of fact made by the trial court in the absence of the testimony on which such findings were made. It is not contended that there was anything in the conveyance or the notes that would put the purchaser on notice, or that Wertz ever saw the notes or had any notice of their amount, or the actual amount paid by White to Primous and his wife. Wertz examined the record, and found that White had the record title to the land. He examined the land, and found that it was vacant and unoccupied. Whatever the transactions may have been as between the original parties, no fraud or notice of fraud was brought home to Wertz. Justice demands that his rights should be protected. Miller et al. v. Barnett, 49 Okla. 508, 153 Pac. 641.

Again it is contended that the conclusion of law made by the trial court that the deeds of June 1, 1904, from Primous and wife to White and the written release of the equity of redemption of Joe Primous to White on July 1, 1905, vested title to the land in controversy in White was erroneous, and that this conclusion does not follow from the facts found, in this: That, conceding that the deeds were intended by all parties as mortgages or securities for the notes, and that the written defeasance was not recorded, and that Joe Primous for a good consideration executed an instrument in writing releasing his equity of redemption to White on July 1, 1905, and assuming that White did not waive this release by the acceptance of $2,100 payment on the indebtedness and by offering to reconvey on the payment of the balance due, still the rights of the plaintiff to the land, if any, were not barred, for the reason that she did not join in the release of the equity of redemption, and that she still has the right to redeem against the party in possession.

It is objected to this contention that the plaintiff in error cannot assert the right to redeem by reason of her dower right in the lands at this time and in this suit, for the reason that she tried the cause in the

court below upon a different theory, and the court found that her claim was under the will of Joe Primous, and, having tried the cause on that theory in the court below, she cannot now on appeal abandon that theory and proceed upon a different theory. This objection seems to be well taken. In Herbert v. Wagg et al., 27 Okla. 674, 117 Pac. 209, the rule is announced in the fourth paragraph of the syllabus as follows:

"A party bringing an action is required to frame his pleading in accord with some definite, certain theory, and the relief to which he claims to be entitled must be in accord therewith; on appeal he is bound by the position and theory assumed and on which the case was heard in the trial court."

That case, it will be observed, was a suit in equity the same as the instant case, and we understand this rule to apply in equity suits as well as in actions at law. Rhome Milling Co. v. Farmers & Merchants' Nat. Bank, 40 Okla. 131, 136 Pac. 1095; Shuler v. Collins, 40 Okla. 126, 136 Pac. 752; Wallace v. Killian, 40 Okla. 631, 140 Pac. 162.

The trial court found that Joe Primous for a valuable consideration conveyed his equity of redemption in the lands to J. H. White by an instrument in writing under date of July 1, 1905. Under this finding the conclusions of law announced by the trial court necessarily followed, viz., that all of Joe Primous' title to the land vested in J. H. White, and that Joe Primous, at the time of his death, had no estate in the land of any kind or character, that he could devise to the plaintiff in error.

Whether the plaintiff in error made an election to relinquish her dower and to take under the will, as required by the Arkansas statute (section 2584), the record does not clearly disclose. This section requires such "election" to be made within a year after the death of her husband. The record shows that this suit was filed more than a year after the death of Joe Primous. While it does not appear from the court's finding, it does appear from the plaintiff's petition, that there was other property than the land in controversy vested in her, the plaintiff in error, by the will. If the filing of the suit may be taken as an election, although made more than a year after the death of Joe Primous, then such action on her part would be a bar to any claim under her dower right. In any event the law imposed upon the plaintiff in error the duty to show prejudicial error. That is, in order to prevail in this action she must show that she had the right to redeem the land, and that such right had not been "relinquished" in legal form. Krauss et ux. v. Potts et al., 38 Okla. 674, 135 Pac. 362.

The trial court found that she had no interest in the land, and therefore did not have the right to redeem. Whether or not this conclusion was based upon the finding that she "had relinquished in legal form" by electing to claim under the will, and that the devisor, Joe Primous, had no interest in the land at the time of his death, does not appear. There is nothing in the record from which this can be ascertained with certainty. In this state of the record the conclusive presumption is in favor of the finding of the trial court. Hall v. Bruner et al., 36 Okla. 474, 127 Pac. 255.

Upon the whole record the judgment of the trial court seems to be right, and should be affirmed.

By the Court: It is so ordered.