## CHILDERS et al. v. VERNON et al.

No. 10481—Opinion Filed Feb. 14, 1922.

(Syllabus.)

**1. Appeal and Error—Review—Questions of Fact—Findings.**

In an action at law the findings of fact of the trial court will not be disturbed on appeal where there is any evidence reasonably tending to support them.

**2. Same—Ejectment—Judgment—Sufficiency of Evidence.**

Record examined, and held, that there was evidence reasonably tending to support the judgment of the trial court.

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

Action in ejectment by Bowman Childers and others against W. S. Vernon and others. Judgment for defendants and plaintiffs bring error. Affirmed.

Hughes & Milburn and John C. Graves, for plaintiffs in error.

Newton & Pinson, Jess W. Watts, E. A. Summers, Thos. H. Owen, and Alvin F. Molony, for defendants in error.

KANE, J. This was an action in ejectment to recover possession of a certain tract of land commenced by the plaintiffs in error, plaintiffs below, against the defendants in error, defendants below. Hereafter, for convenience, the parties will be designated plaintiffs and defendants, respectively, as they appear in the trial court.

The plaintiffs are full-blood heirs of deceased full-blood Creek allottees, claiming title by inheritance to the lands involved, while the defendants claim title under approved deeds from all the heirs.

The land involved constitutes the allotments of Mary Childers, John Childers, Sauce Childers, and Jane Adkins, all of whom died intestate long before the commencement of this action. At the time of the acquisition of title by defendants by purchase as above stated, the five plaintiffs in error and one Ellis Childers, since deceased, all full-blood Creek Indians, were the sole surviving heirs of the deceased allottees.

All of the surviving heirs conveyed to defendants or to persons through whom they

claimed by deeds made by the adult plaintiffs regularly approved by the county court having jurisdiction of the settlement of the estates of the deceased allottees or, where the plaintiffs were minors, by deeds made by guardians in pursuance of regular proceedings of the probate court having jurisdiction over such matters.

Ellis Childers died intestate on September 17, 1913, leaving the five plaintiffs as his sole surviving heirs. All of the other plaintiffs having conveyed to the defendants before the trial by regular and unquestioned approved deeds, the only deed in dispute is the warranty deed, dated August 24, 1908, made by Ellis Childers and wife to W. S. Vernon, and the only person assailing the validity of this deed is the plaintiff Bowman Childers, who claims that the deed is void on the ground that Ellis Childers was a minor when it was made, and that as one of the latter's heirs he is entitled to recover his proportionate share of the share which Ellis Childers acquired by inheritance from the deceased allottees.

Upon trial to the court there was a general judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

It is conceded by counsel for all the parties that the only question presented for review is: Was Ellis Childers a minor on August 24, 1908, the date of his warranty deed to the defendant W. S. Vernon? This being an action at law, the trial court having decided the question of fact involved in favor of the defendants, this decision, by an unbroken line of authority, will not be disturbed on appeal, if there is any evidence in the record reasonably tending to support it. As the parties do not disagree on any question of law and there were no objections made or exceptions saved to the introduction of any of the evidence, we must assume to start with that all the evidence introduced was competent, relevant, and material to the sole issue of fact presented for determination. In these circumstances, the scope of our inquiry is limited to an examination of the evidence as it appears in the record made below for the sole purpose of determining whether there was any evidence introduced at the trial reasonably tending to support the one finding of fact of the trial court hereinbefore set out.

Upon this point it is sufficient to say that we have examined the record carefully and find that, although the evidence is somewhat conflicting, it sufficiently sustains the finding of the trial court and the judgment rendered thereon under the rule above announced.

For the reasons stated, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.