BOUNDS v. GOOCH et al.

No. 11429—Opinion Filed June 19, 1923.

Rehearing Denied Oct. 9, 1923.

1. **Appeal and Error—Theory in Trial Court—Change on Appeal.**
Where a party has tried his case and submitted the same to the jury or the court upon one theory, if the verdict and judgment of the trial court are against him, he will not be permitted to try the case upon a different theory in this court.

2. **Appeal and Error—Evidence—Failure to Except.**
Error occurring at the trial not excepted to will not be reviewed upon appeal. The defendant having elected to submit the issues to the court upon the evidence without objection or exception, the judgment is conclusive in this court.

3. **Appeal and Error—General Finding—Effect—Trial—Waiver of Jury—Rule.**
When a jury is waived and the cause is tried to a court and the finding of the court

is general, such finding is the finding of every specific thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon this court upon all doubtful and uncertain questions of fact so found.

4. **Same—Action to Collect Insurance Premium—Evidence—Sufficiency.**
Record examined, and held, the judgment of the trial court is reasonably supported by the evidence and the same is affirmed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action by A. M. Gooch and another against J. M. Bounds. Judgment for plaintiffs, and defendant brings error. Affirmed.

Hays Dillard and E. B. Anderson, for plaintiff in error.

Bridges & Vertrees and S. A. Treadwell, for defendants in error.

Opinion by RUTH, C. This was an action instituted in the county court of Jefferson county by A. M. Gooch and J. L. Roberts, plaintiffs, against J. M. Bounds defendant. For convenience the parties will be designated as they appeared in the court below.

The plaintiffs in their petition allege that they were state agents for the Capitol Life Insurance Company of Colorado, and that on the 26th day of September, 1916, the defendant made application through the plaintiffs for a $10,000 insurance policy upon his life in the said Capitol Life Insurance Company, and that they issued the policy to him; that the defendant agreed to pay premium of $523.10 for a period of one year; that the policy was delivered to the defendant; that he retained the same; that by reason of the retention, he became liable and bound to pay the said premium, and they pray for judgment in the sum of $523.10, with interest at the rate of six per cent. from the 23rd day of September, 1916, and for costs.

To this petition, the defendant filed his first amended answer consisting of a general denial, and specific defense of fraud, and set up in his answer that he submitted to a physical examination, but if he signed an application for an insurance policy, he thought he was signing the doctor's certificate, and that his signature was procured by fraud and misrepresentation. After the issues joined, this cause came on regularly to be heard on the 23rd day of October, 1919, and a jury was waived by both parties,

plaintiffs and defendant each appearing in person and by their respective attorneys The cause thereupon proceeded to trial and the whole theory of the defense was that the signature to the application for an insurance policy was obtained by fraud, and no other defense was introduced or suggested.

At the conclusion of the evidence of the plaintiffs, no demurrer was filed thereto by the defendant, nor was any motion made for judgment at the conclusion of all the evidence, and upon conclusion of the evidence the court found in favor of the plaintiffs and against the defendant, to which the defendant excepted, and filed his motion for new trial, which in due time was overruled, whereupon defendant gave notice in open court of his intention to appeal.

The plaintiff in error, defendant below, presents to this court two specifications of error: First, that the plaintiffs, Gooch and Roberts, were not the proper parties plaintiff, and had no right to sue. The evidence disclosed at the trial that Gooch conducted all the transactions with Bounds, and Gooch paid the first premium to the home company for the defendant, Bounds. This was not denied at the trial, and the defendant did not raise the question of the right of Gooch or Roberts to sue, and having tried the case wholly upon the theory of fraud in obtaining the signature to the application, he cannot shift the grounds of his defense for the first time in this court. When a defendant desires to rely upon a defense of improper parties plaintiff, it should be presented to the court below for the purpose of giving to the trial court an opportunity to pass upon the question so presented; it cannot be presented for the first time in this court. This court, in a long line of decisions, has announced the following rule:

"Plaintiff cannot stand by and permit his case to be submitted to the jury without objection, then if the verdict and judgment of the trial court is against him, try it upon a different theory in this court." Gibson v. Rappole, 86 Okla. 100, 206 Pac. 825; Bouten v. Carson, 51 Okla. 579, 152 Pac. 131; Carpenter v. Roach, 55 Okla. 103, 155 Pac. 237; Primous v. Wertz, 65 Okla. 7, 162 Pac. 481; Buel, Pryor & Daniel v. St. Louis & S. F. Ry. Co., 65 Okla. 108, 163 Pac. 536; Brown v. Tull, 65 Okla. 119, 164 Pac. 785; J. R. Watkins Medical Co. v. Coombs, 66 Okla. 126, 166 Pac. 1072; Brisley v. Mahaffey, 64 Okla. 319, 167 Pac. 984; Shawnee Natl. Bank v. Pool, 66 Okla. 145, 167 Pac. 994; Gunn v. Jones, 66 Okla. 321, 169 Pac.

895; Limerick v. Jefferson Life Ins. Co., 67 Okla. 178, 169 Pac. 1080.

The second ground urged for reviewing this case is that the plaintiff Gooch, "used fraud in obtaining the signature of the defendant to the application" for the policy issued to the insured, and upon this theory the cause was tried to the court below, and the court, after hearing all the evidence, found in favor of the plaintiffs and against the defendant. There was no exception taken to the introduction of the evidence and no demurrer filed or motion for judgment upon all the evidence, and the defendant having failed to demur to the evidence or to move for judgment in his favor, the sufficiency of the evidence to support the verdict cannot be presented on appeal to this court. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Read v. Scott, 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739.

While not required to do so, by reason of the failure of the defendant to demur to the plaintiffs' evidence, or to move for judgment on the evidence, we have carefully examined the record in this case, and find that the issues were fairly joined, and a full and fair trial had. The court after hearing all of the evidence rendered its judgment in favor of the plaintiffs, and where issues of fact have been joined in a court and the parties have waived a jury trial, the judgment of the court upon the facts shall have the same force and effect as the verdict of a jury in said cause, and in an action of law, the findings of fact by the trial court will not be disturbed upon appeal, where there is any evidence reasonably tending to support the findings. Gaines Bros & Co. v. Citizens' Bank of Henryetta, 84 Okla. 265, 204 Pac. 121; Gayer v. Pearce, 86 Okla. 102, 206 Pac. 822; Schaff v. McGuyre, 87 Okla. 41, 208 Pac. 263; Childers v. Vernon, 85 Okla. 68, 204 Pac. 641; Bradley, Metcalf Co. v. McLaughlin, 87 Okla. 34, 208 Pac. 1032; Hartley v. Riley, 85 Okla. 101, 204 Pac. 920; Nelson v. Golden, 84 Okla. 29, 202 Pac. 308.

Record examined in this case, and held, the judgment of the trial court is reasonably supported by the evidence and the same should be affirmed.

We cannot refrain at this time from again calling the attention of counsel to rule eight of this court, as follows:

"In all proceedings in this court in citing cases from the courts of this state, counsel are required to recite the volume and page of the official state reports in which the case is reported. A failure to

comply with this rule will render briefs subject to be stricken from the files."

The rules of this court were made for observance by counsel and for the benefit of this court, and for the purpose of expediting the business of this court, and their non-observance by counsel will not be considered grounds for an extension of time to file proper briefs if the briefs are so stricken under this rule.    Affirmed.

By the Court:    It is so ordered.