## HOWARD v. OWENS.

No. 17695. Opinion Filed Dec. 5, 1929.

Rehearing Denied Feb. 11, 1930.

Neff & Neff and W. O. Rittenhouse, for plaintiff in error.

Carroll, Jameson & Severson, for defendant in error.

ARRINGTON, J.   O. O. Owens, defendant in error, filed an action in the county court of Wagoner county, Okla., for the determination of the heirship of Will Jackson, a Creek Indian, under the Act of Congress approved June 14, 1918, entitled an act to provide for a determination of heirship in cases of deceased members of the Cherokee, Choctaw, Chickasaw, Creek, and Seminole Tribes of Indians in Oklahoma.   The petition, among other things, alleged that Will Jackson was allotted land and died intestate, and that petitioner had purchased from the sole heirs of Will Jackson his allotment.

The county court entered a decree sustaining this petition.   Mattie Howard, plaintiff in error here, filed a petition to reopen the case and controverting the allegations of defendant in error.   The case was then heard before the county court on the pleadings of the parties to this action, and the county court again found in favor of the defendant in error.   The case was then appealed by plaintiff in error to the district court, where a hearing was again had and witnesses were heard and documentary evidence introduced tending to sustain both sides.   The district court found in favor of the defendant in error.   In his findings of fact the court said that he was uncertain to what extent he was relying upon the oral statements of the lawyers in argument and Campbell's Index of the Creek Tribe.   Judgment was entered March 15, 1923.

A motion for new trial was filed by plaintiff in error within three days of the date of the judgment and decree of the court. This motion for new trial contains the statutory grounds except as to newly discovered evidence.

On April 9, 1923, plaintiff in error filed another motion for new trial, this time on the ground of newly discovered evidence, unverified by either plaintiff in error or her attorneys, but to which second motion for new trial there was attached the affidavit of one Thomas Tiger as to alleged facts which tend to support the position of the movant.

On the 9th day of April, 1923, plaintiff in error filed a third motion, entitled a motion to grant a new trial and to remand to the county court, alleging that there had been filed since the trial of this case in the United States District Court for the Eastern District of Oklahoma a bill in equity by the Roxana Petroleum Corporation against plaintiff in error et al. to determine the question of title to said land and alleging that there are parties interested in the land involved who were not made parties to the original proceedings in the county court to determine heirship.   The last motion also alleges that the petition filed in the original proceeding to determine heirship and the notice given pursuant thereto were insufficient.

The judgment of the district court was that the county court was without jurisdiction to try the matter and that the district court was without jurisdiction to entertain an appeal from the county court.   On appeal of the case of O. O. Owens, Plaintiff in Error, v. Mattie Howard et al., Defendants in Error, 117 Okla. 151, 245 Pac. 874, the Supreme Court of Oklahoma reversed the trial court and held that the county court had jurisdiction to entertain the petition for determination of heirship in the first instance and that the district court had jurisdiction of said matter on appeal.

Pursuant to the mandate of the Supreme Court the district court proceeded to hear the first and second applications for a new trial and also evidence that there was another case pending involving the subject-matter of the instant case but filed afterward. There was also submitted in evidence, over the objections of defendant in error, affidavits of William Neff, attorney for plaintiff in error, and of Cornelius Boudinot, both of which affidavits were filed of the date of the 12th of June, 1926.   The district court in conformity with the opinion and mandate of the Supreme Court set aside the order dismissing the cause for the want of jurisdiction and found generally for defendant in error.   In the journal entry of judgment the

court says that the attention of the attorney for Mattie Howard was called to the enrollment record of Tom Couzzens as shown by Campbell's Index and that he admitted during the argument that Tom Couzzens was so enrolled, but further contended that the enrollment record had not been introduced in evidence and could not be considered. The trial court concluded that a fact which was true and which was known by the court to be true and which was admitted by counsel on argument to be true might be considered. From this judgment the case comes on the second appeal.

1. The evidence in this case is conflicting. It was tried both before the county court and the district court, and the findings and judgments of both courts as to the question of heirship sustain the defendant in error. The findings by these trial courts were supported by both oral testimony and documentary evidence. We cannot say that such findings are contrary to the weight of the evidence.

There is in Oklahoma an unbroken line of authorities holding that if the evidence reasonably tends to support the judgment of the trial court, such judgment will not be disturbed on appeal. A few of the most recent cases are: Thompson v. Coker, 112 Okla. 268, 241 Pac. 486; Childers v. Vernon, 85 Okla. 68, 204 Pac. 641; Gayer v. Pearce, 86 Okla. 102, 206 Pac. 822; Bradley & Metcalf Co. v. McLaughlin, 87 Okla. 34, 208 Pac. 1032.

2. The motion for new trial on the ground of newly discovered evidence was not verified by the plaintiff or her attorney; it had attached to it an affidavit of one not a party to the action as to certain alleged facts. There was no affidavit or verification showing when the alleged new evidence was discovered or showing diligence was used in an effort to discover the same. This question has been decided by the Supreme Court of Oklahoma in several cases, one of which is Bellis v. Radabaugh et al. reported in 134 Okla. 9, 272 Pac. 423. In that case the court held:

"Under section 575, C. O. S. 1921, a motion for new trial on the ground of newly discovered evidence must be verified, showing the truth of the matters alleged. It is not enough to attach an affidavit of the witness as to what his testimony would be, leaving the allegations as to diligence, etc., unverified."

The court quotes with approval from the case of Bryan v. Ramsey, 115 Okla. 233, 242 Pac. 222. In the case of Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090, the Supreme Court of Oklahoma says:

"It is true that affidavit of W. W. Housewright as to what his testimony would be is attached to the motion, but the motion itself in which the defendants set out their claim of reasonable diligence is not verified. It is necessary that the motion itself should be verified."

To the same effect is the case of Wachtstetter v. Challinor, reported in 114 Okla. 119, and in the 244 Pac. 194.

In the case of Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516, the Supreme Court in the body of the opinion says:

"In the case at bar the facts constituting the diligence or excusing the diligence are not set forth, and in fact the motion is not verified by the plaintiff in error, and for aught that appears in the motion or record he might have known during the trial the contents of the letters about which he complains."

In this case the court quotes with approval from the case of Herring et al. v. Hood, 55 Okla. 737, 155 Pac. 253, where the rule was announced in the following language:

"To entitle a party to a new trial on account of newly discovered evidence, it must appear, in addition to other essential facts, that he has exercised due diligence to discover the same in time, and to negative a failure in this regard on his part. We are not favorably impressed with the showing of diligence made by the defendants in this respect. The granting or refusing of a new trial is a matter very largely in the discretion of the trial court; and in our opinion such discretion was not abused in overruling the motion in this case."

3. Plaintiff in error insists that there are other actions pending in other courts involving the same subject-matter involved in this action, and that the proceedings in this action should be stayed until other courts have had an opportunity to render decisions. It would appear from the record that there has been an action filed in the United States District Court of the Eastern District of the State of Oklahoma, involving the same subject-matter involved in this action, and that some proceeding is being had in one of the county courts of the state. Those actions were filed since the filing of this action, and while it appears that the action in the United States District Court has been dismissed, that fact is immaterial. The court first acquiring jurisdiction retains that jurisdiction until a final determination of the case.

In the case of Lanyon v. Braden et al.,

reported in 48 Okla. 689, 150 Pac. 677, the Supreme Court of this state announced the *doctrine* applicable in the following language:

"* * * It is now the established doctrine of both the state and federal courts that that court, whether state or federal, which first acquires jurisdiction of the subject-matter, or of the res, and which is first put in motion, will retain its control to the end of the controversy, and the possession of its receiver will not be disturbed by the subsequent appointment of a receiver by the other court. Nor is it necessary, in the application of the general doctrine here stated, that the court asserting its exclusive control by reason of having been first to take cognizance of the subject-matter, should be the first to take actual possession of the property by its receiver."

In 15 Corpus Juris, 1134, the writer says:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of co-ordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and it is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results."

4. Counsel for plaintiff in error insisted both in the trial court and on a former appeal to this court that the county court did not have jurisdiction to entertain the petition for determination of heirship or to render a judgment granting any relief under said petition. From a judgment of the district court sustaining this contention an appeal was taken to the Supreme Court of this state, entitled In re Jackson's Estate, Owens v. Howard et al., supra.

In the opinion of the Supreme Court handed down in that case the jurisdiction of the county and district courts was sustained. On the authority of the Federal Heirship Act of June 14, 1918 (U. S. Comp. St. Ann. Supp. 1918, secs. 4234a, 4234b [25 U. S. C. A. secs. 355, 375]), and of chapter 25, Session Laws Okla. 1919 (Const. art. 7, sec. 12). This opinion constitutes the law of this case and is binding upon the district court on a rehearing and upon the Supreme Court of this state on a second appeal.

The Oklahoma Supreme Court laid this rule down in the case of Hill v. Hill et al.,

71 Okla. 312, 178 Pac. 94, the syllabus reading as follows:

"An appeal will not be entertained by this court from a judgment and decree entered in the district, or other inferior court, in exact accordance with the mandate of this court upon a previous appeal."

In the case of Sovereign Camp of Woodmen of the World v. Bridges, reported in 37 Okla. 430, 132 Pac. 133, Judge Brewer laid down the rule in the following terms:

"All questions of law determined in a former appeal become the law of the case, both for the trial court and this court on appeal, in a second hearing, providing the facts presented in the second hearing are substantially the same as presented at the first hearing."

To the same effect is the case of First National Bank of Claremore v. C. M. Keys & Co., reported in 27 Okla. 704, 113 Pac. 715. In that case there is cited O. C. Elec., Gas & Power Co. et al. v. Baumhoff, 21 Okla. 503, 96 Pac. 758; C., R. I. & P. Ry. Co. v. Broe, 23 Okla. 396, 100 Pac. 523; State Bank of Waterloo, Ill., v. City National Bank, Kansas City, Mo., 26 Okla. 801, 110 Pac. 910.

5. During the trial of this case in the district court the trial judge examined Campbell's Index as to the enrollment record of Tom Couzzens, a Creek Indian. Campbell's Index had not been offered in evidence, and attorneys for plaintiff in error complain that the trial court went out of the record and received evidence that had never been offered or admitted. After the Supreme Court had held that the trial court had jurisdiction of this case and it had been remanded to that court for final action on the first two motions for a new trial filed, the trial judge stated into the record that the attention of the attorney for plaintiff in error was ca'led to the enrollment record of Tom Couzzens as shown by Campbell's Index and that he admitted during the argument that Tom Couzzens was so enrolled. The trial court says that he concluded that a fact which was true and which it was known by the court to be true and which was admitted by counsel on argument to be true might be considered.

There are many decisions holding that it is not the province of the trial court to receive any evidence other than that which is submitted during the trial, and we do not believe that this rule should be relaxed so as to permit the trial court to go out of the record and to receive evidence or information which is not submitted to him under such circumstances as to give all parties an

86

opportunity to meet it in regular order. But we agree with the trial court that when an attorney in the case in his argument, or otherwise, admits that certain facts are true or that certain conditions exist as shown by a document such as Campbell's Index, there can be no valid objection to the court examining the original record setting out the facts which counsel admits exist. No complaint is made by counsel of the statement into the record by the trial court that counsel had admitted that certain facts exist, and the fact that Campbell's Index showed the existence of those facts we presume that the trial judge's version of this portion of the proceedings is correct.

We find no error in the last decree of the trial court, and the same is hereby affirmed.

LESTER, C. J., STEVENS, V. C. J., and HUNT, HEFNER, HOLTZENDORFF, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

[MASON, C. J., and CLARK and RILEY, JJ., having certified their disqualification in the cause, HON. BROOKS HORTZENDORFF, HON. ROSCOE ARRINGTON, and HON. WALTER STEVENS were respectively appointed to serve as special Justices.]