## STAKIS et al. v. DIMITROFF.

No. 20591. Opinion Filed Oct. 27, 1931.

Rehearing Denied Jan. 12, 1932.

T. L. Brown and Woodson E. Norvell, for plaintiffs in error.

Charles L. Yancey, Henry L. Fist, and Donald L. Brown, for defendant in error.

RILEY, J. This is an action brought by defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, hereinafter referred to as defendants, to recover the sum of $1,660.

The petition declares on two causes of action. Under the first cause of action plaintiff sought to recover the sum of $1,200 for money loaned, and represented by a postdated check alleged to have been signed by

defendants. The second cause of action was to recover the sum of $460, alleged to have been stolen from the person of plaintiff by defendants.

Defendant Helen Stakis answered separately by general denial, except that she admitted the execution by her of the $1,200 check, but specifically denied that at the time of the delivery of the check by her to plaintiff the signature of defendant Mike Stakis was thereon.

She further alleged that said check was without consideration as to her, and was procured from her by plaintiff by and through the exercise of a wrongful and undue influence on her, and as a part of a scheme to induce her to break up her home, leave her husband, Mike Stakis, and marry plaintiff, while she held title to all of her husband's property in her name; that she entered into such a scheme with plaintiff, and while making arrangements to carry same into effect, transferred all of said property back to her husband, and when plaintiff learned of this he abandoned the scheme to marry her and began an attempt to realize on the check.

Defendant Mike Stakis answered separately by general denial, and specifically denied the execution of the $1,200 check, though his answer is unverified. He further pleaded no consideration for the check, and alleged that at the time of the alleged execution of the check and for a long time prior thereto, and thereafter, he was in such mental state and condition as to be wholly incompetent to transact business. All of which he alleges was known to plaintiff. He also filed a cross-petition, wherein he set up a cause of action against plaintiff for the alienation of his wife's affections, and the breaking up of his home, and prayed for damages against the plaintiff on account thereof in the sum of $2,500.

Plaintiff moved to strike the cross-petition upon the ground that the allegations therein contained were not proper to sustain the cross-petition in said action, and that the matters and things therein set out did not arise out of the transaction upon which the action was brought and were not germane to the issues in that case.

This motion being overruled, he replied by general denial and answered as to the cross-petition, and also in his answer raised the question of the right of the defendant Mike Stakis to plead or prove the matters and things alleged in his cross-petition.

The cause was tried to a jury, resulting in a general verdict in favor of plaintiff in the sum of $1,200. Separate motions for new trial were filed by each defendant and defendant Mike Stakis filed a supplemental motion for new trial based upon newly discovered evidence. These motions being overruled, judgment was entered upon the verdict, and defendants appeal.

There are seven assignments of error, but defendants say in their brief that they limit themselves to a consideration of but two. The first one presented is: That the court erred in rendering judgment upon the verdict because (a) the verdict is entirely unsupported by the evidence, (b) and is contrary to law.

It is contended that, the petition consisting of two unrelated causes of action, and the verdict being general and failing to specify upon which cause of action it is based, it is contrary to law. In support of this contention defendants cite St. L. & S. F. Ry. Co. v. Farmers Union Gin Co., 34 Okla. 270, 125 P. 894, and cases from other states, among which is Goodell v. Pope-Shenon Mining Co. (Idaho) 212 P. 342.

In St. L. & S. F. Ry. Co. v. Farmers Union Gin Co., supra, it was held:

"Where two causes of action are submitted together, a general verdict for plaintiff should not be returned, but there should be separate findings on each cause."

An examination of that case will show that the judgment there involved was not reversed upon the ground that separate findings were not made on each cause of action, but upon other grounds, though it was intimated that it would have been, had not the other error required a reversal.

In Rogers v. Benford, 83 Okla. 270, 201 P. 646, written by the author of the opinion St. L. & S. F. Ry. Co. v. Farmers Union Gin Co., supra, this court refused to reverse a judgment upon that ground and held:

"Where there are two causes of action, one for damages for wrongful conversion and one for damages for malicious prosecution and imprisonment, and the evidence in each cause of action is sufficient to sustain the verdict, the judgment will not be reversed although the verdict be general."

An examination of Goodell v. Pope-Shenon Mining Co., supra, cited by defendants, will disclose a state of facts somewhat similar to those in the instant case as to the verdict; that is, more than one cause of action was stated in the petition; no competent evidence was introduced to sustain any cause of action except one; a general verdict for more than was claimed in the cause of action which there was evidence to sustain. While here the general verdict is for the exact amount claimed in the first cause of

action, which there was competent evidence to sustain. There was no competent evidence to sustain the second cause of the action.

In the Idaho case it was held that separate findings should have been made as to each cause of action, yet the judgment was, in effect, upheld to the extent of the claim in the cause of action which was supported by the evidence.

In the case before us, an examination of the record will disclose ample evidence to support the claim of plaintiff set up in the first cause of action. But there is no competent evidence to sustain plaintiff in his second cause of action. At the close of plaintiff's evidence, defendants demurred generally thereto, which demurrer was properly overruled. Had they demurred to the evidence separately as to each cause of action, it would have been the duty of the trial court to sustain the demurrer as to the second cause of action, and doubtless this would have been done. Furthermore, defendants failed to object to the form of the verdict, and thereby waived the question of failure of the jury to make separate findings. Brown v. First Natl. Bk. of Temple, 35 Okla. 726, 130 P. 140; St. Paul Fire & Marine Ins. Co. v. Robison, 72 Okla. 269, 180 P. 702; Brown v. Tull, 65 Okla. 119, 164 P. 785; Collier v. Gennon, 40 Okla. 275, 137 P. 1179. As stated before, there was ample evidence to support the verdict under the first cause of action. Though defendant's evidence was in direct conflict therewith, the verdict will not be set aside on that account. Furthermore, defendants did not renew their demurrer to plaintiff's evidence, and did not move for an instructed verdict at the close of the evidence. It is well settled that in such case a question of the insufficiency of the evidence to support the verdict cannot be raised upon appeal. From an examination of the evidence it conclusively appears that the verdict must of necessity have been based upon the evidence introduced by plaintiff under his first cause of action, since there was no evidence whatever to sustain the plaintiff in his second cause. The verdict being for no more than was justified under the evidence introduced in support of the first cause of action, the defendants were not prejudiced by failure of the jury to make separate findings as to each cause of action.

Some suggestion is made that the jury should have returned a finding on defendant Mike Stakis' cross-petition, but counsel in their brief admit that the cause of action set up in the cross-petition has no place in the action, and should have been tried separately.

Defendants next contend that the court erred in not granting their motion for a new trial based upon newly discovered evidence. The contention is not well taken. The so-called newly discovered evidence was wholly cumulative, and no diligence whatever was shown to obtain the same in the first instance.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER. CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.