**WALDON, INC., Appellee,**

v.

**CLARK EQUIPMENT CO., d/b/a Clark Material Handling Co., Formerly Clark Material System Technology Co., Appellant.**

No. 78330.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 8, 1992.

Rehearing Denied Nov. 3, 1992.

Certiorari Denied March 9, 1993.

Page Dobson, Richard M. Klinge, Oklahoma City, for appellant.

Michael C. Bigheart, Enid, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Waldon Inc. (Seller or Appellee), an Oklahoma corporation, received an order for forklift tri-lateral mast and head units from Clark Equipment Co. (Buyer or Appellant). The items ordered were manufactured and delivered. However, Buyer declined to pay the purchase price because (Buyer claims) the equipment was defective. Seller sued Buyer for the alleged balance due.

One of Buyer's defenses was an allegation that the parties had agreed to arbitration. Buyer filed a motion to stay the underlying case pursuant to the Oklahoma

Uniform Arbitration Act. 15 O.S.1991 §§ 801, et seq. Seller denied any agreement to arbitrate, and filed a motion to stay the arbitration proceeding which had been instituted by Buyer with the American Arbitration Association, which is a nongovernmental, private organization.

The trial court, pursuant to 15 O.S.1991 § 803, conducted a summary proceeding. After the hearing, the Court entered an order finding that there was no binding agreement to arbitrate. The Court denied Buyer's motion to stay the proceeding in court; and, sustained Seller's motion to stay the arbitration proceeding commenced by Buyer.

Buyer appeals from this interlocutory order. The Supreme Court ordered Appellant to show cause why this appeal should not be dismissed as being premature. Appellant complied. Then, the Supreme Court ordered that this is an interlocutory appeal by right and shall proceed. See 15 O.S. 1991 § 817, and Rule 1.60(i) of the Rules of Appellate Procedure in Civil Cases.

For reversal, Buyer contends the trial court erred in finding that no binding agreement to arbitrate existed. Buyer claims the facts were undisputed in the trial court; the conclusions to be drawn from undisputed facts constitute a question of law; and, this Court should consider the undisputed facts de novo and enter judgment in its favor. Buyer asserts that the agreement to arbitrate exists as a matter of law, and cites *Loffland Bros. Co. v. Overstreet,* 758 P.2d 813 (Okl.1988), and *Johnson v. Mid–South Sports, Inc.,* 806 P.2d 1107 (Okl.1991). Seller contends: the material facts were disputed; the findings of fact in the court below are conclusive on appeal; and, if the findings are supported by any probative evidence, this Court must affirm. See *Bounds v. Gooch,* 92 Okl. 260, 219 P. 105 (1923), and *Morrow v. Morrow,* 612 P.2d 730 (Okl.App.1980).

The transaction involved in this case commenced when buyer faxed its purchase order number 363131. The front side of the purchase order contained a list of the items ordered, the price, delivery requirements, payment terms, and other details. The back side of the purchase order contained various contract terms, including the following:

17. ARBITRATION. Any controversy or claim arising out of or relating to this order or any amendments thereto, or any breach thereof, shall be settled in accordance with the rules of the American Arbitration Association, and judgment upon the award may be entered in any court having jurisdiction thereof.

18. CONTROLLING DOCUMENTS. Each order amendment or order cancellation issued by the buyer referring to the same buyer order number and containing the same buyer part number supersedes all previously issued order documentation in the sequence of the order dates thereon.

Buyer contends that purchase order number 363131, and particularly paragraph seventeen (17) in its back side, constitutes an agreement to arbitrate, as a matter of law. In so contending, Buyer claims that Seller "admitted" this purchase order, and performance thereunder, is the contract involved here.

Seller's petition alleged the basis of the action to be purchase order number 363131, and a copy was attached to the petition. The record shows the copy attached to the petition was only the front side of the purchase order. Seller claimed Buyer only faxed the front side of the purchase order to it when the order was originally made, and the manufacturing process was commenced based on the original order. While Seller, in various communications, referred to purchase order number 363131, it did not "admit" nor "deny" anything with reference to arbitration in those communications.

Buyer filed a pleading containing an answer to the petition and a counterclaim against Seller. When Seller responded to the counterclaim, the response admitted the equipment was sold and delivered pursuant to purchase orders 363131, 363132, 363133, and 363134. Seller denies the agreement to arbitrate was a part of the purchase order it accepted, but points to paragraph eighteen (18) and to the three

later orders sent to it by Buyer, and asserts that Buyer attempted to cancel or change its order in those three later orders.

Seller asserts that it never signed or accepted an order containing an agreement to arbitrate. Seller did admit receiving a full copy of both sides of the original purchase order by mail several weeks after receipt of the original fax copy of only the front side thereof and after the manufacturing process was started. Seller states that it took no action and did not agree to the later received copy of the original order.

Based on the record before this Court, we conclude that material facts were in dispute in the trial court. The authorities cited by Buyer apply to a situation in which the material facts are undisputed. On the other hand, the authorities relied on by Seller apply to a situation where a trial court made a factual determination based on facts where some material facts were disputed.

Since the Court's finding and orders to the effect that there was no binding agreement to arbitrate were supported by competent evidence, we must affirm.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

ADAMS, P.J., and JONES, J., concur.